UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 1:24-CV-24250-GAYLES/SHAW-WILDER

MUSASHI AZ, LLC,

       Plaintiff,

v.

MARINEMAX EAST, INC.,
FORTUN INSURANCE, LLC, and
AZIMUT BENETTI SERVICE USA, INC.,

       Defendants.

_____/

REPORT AND RECOMMENDATION ON DEFENDANT
FORTUN INSURANCE, LLC'S MOTION TO DISMISS

**THIS CAUSE** is before the Court on the Motion to Dismiss Plaintiff's Second Amended Complaint and Demand for Jury Trial ("Motion") filed by Defendant Fortun Insurance, LLC ("Fortun"). [ECF No. 65].[1] Plaintiff Musashi AZ, LLC ("Plaintiff") opposed Fortun's Motion [ECF No. 69], and Fortun filed a Reply [ECF No. 71]. Upon careful consideration of Fortun's Motion, Plaintiff's Response, Fortun's Reply, and a review of the record, the undersigned respectfully recommends that Fortun's Motion be **DENIED**, as set forth below.

---

[1] This case was referred to the undersigned by the Honorable Darrin P. Gayles, United States District Judge, for ruling on all pretrial non-dispositive matters and a report and recommendation on all dispositive matters. [ECF No. 20].

1

# I. BACKGROUND[2]

This action stems from a fire aboard Plaintiff's 47-foot Azimut Verve yacht ("Vessel") while at Defendant MarineMax's facility, which resulted in a total loss of the Vessel. [ECF No. 58]. Plaintiff is a Florida limited liability company whose sole asset is the Vessel. [*Id.* ¶ 11]. Plaintiff purchased the Vessel from MarineMax, an Azimut dealer, for $1,575,000. [*Id.*]. Less than two years later, while the Vessel was undergoing warranty repairs at MarineMax's facility, the Vessel caught fire and was destroyed. [*Id.* ¶ 13].

Defendant Fortun acted as Plaintiff's insurance broker in procuring insurance coverage for the Vessel. [*Id.* ¶ 151]. In connection with preparing the insurance application, Fortun asked Plaintiff's yacht broker for the Vessel's value. The yacht broker provided a value that exceeded the Vessel's actual purchase price. [*Id.* ¶¶ 156–157]. Fortun then completed the insurance application on Plaintiff's behalf, using the value provided by the yacht broker rather than the actual purchase price. [*Id.*]. Fortun later sent the completed application to Plaintiff, who signed it. [*Id.* ¶ 157]. After the Vessel's fire, Plaintiff submitted an insurance claim, but the insurer denied coverage because the application misstated the Vessel's purchase price. [*Id.* ¶¶ 158–159].

In Count IV of its Second Amended Complaint, Plaintiff asserts a claim against Fortun for negligent procurement ("Count IV"). [ECF No. 58 ¶¶ 118–136]. Fortun now moves to dismiss Count IV. [ECF No. 65]. Fortun contends that Plaintiff fails to state a plausible negligent procurement of insurance claim. [*Id.* at 5-11]. Fortun further argues that Plaintiff cannot assert such claim based on Fortun's failure to obtain insurance, because a policy was issued for the Vessel

---

[2] As the Court proceeds on a motion to dismiss, it accepts the allegations in Plaintiff's Second Amended Complaint [ECF No. 58] as true. *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (per curiam).

and later renewed, despite the alleged inaccuracies that Plaintiff expressly approved and signed.[3] [*Id.*]. Finally, Fortun further contends Plaintiff's claim is barred by the admiralty doctrine of *uberrimae fidei*. [*Id.* at 7-11].

In its Response, Plaintiff argues the Second Amended Complaint plausibly asserts a negligent procurement claim against Fortun, as Plaintiff asserts that Fortun undertook to complete Vessel's insurance application, negligently filled it out, and transmitted it to Plaintiff for execution. [ECF No. 69 at 5-6]. Plaintiff further alleges it signed the application in reliance on Fortun's competence and accuracy and suffered damages when coverage for Vessel's loss was denied. [*Id.*]. Plaintiff also argues that the admiralty doctrine of *uberrimae fidei* is inapplicable here because the doctrine governs the relationship between an insured and the insurer, rather than the duties an insurance agent owes its client. [*Id.* at 8]. Finally, Plaintiff asserts that no "special relationship" is required for Fortun to owe Plaintiff a duty of reasonable care once it undertook responsibility for preparing the insurance application. [*Id.* at 10-12].

## II. LEGAL STANDARD

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court must accept a plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," a mere "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Instead, "a complaint must contain sufficient factual matter, accepted

---

[3] In support, Fortun requests that the Court take judicial notice of the subject insurance application and renewal signed by Plaintiff, contained in a filing from a related action, *Musashi AZ LLC v. Accelerant Specialty Insurance Company, et al.*, No. 1:23-cv-22781-RS (S.D. Fla. 2023). [ECF No. 31 at 3; ECF No. 65 at 5-11].

as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. DISCUSSION

Fortun moves to dismiss Count IV of the Second Amended Complaint on three grounds: (1) Plaintiff fails to state a claim for negligent procurement of insurance as Plaintiff signed the application containing the alleged misstatement of the purchase price, (2) the doctrine of *uberrimae fidei* assigns the duty of disclosure to Plaintiff as the insured and thus forecloses Plaintiff's claim, and (3) Fortun owed no duty "beyond its limited obligations under Florida law" and therefore did not breach any duty to Plaintiff. The Court will first consider Plaintiff's arguments (1) and (3), which go to the sufficiency of Plaintiff's Count IV allegations, and then will address Fortun's *uberrimae fidei* defense.

### A.  Count IV Plausibly Alleges a Negligent Procurement of Insurance Claim Against Fortun.

"It is well settled in this state that where an insurance agent or broker undertakes to obtain insurance coverage for another person and fails to do so, he may be held liable for resulting damages to that person for . . . negligence." *Kendall S. Med. Ctr., Inc. v. Consol. Ins. Nation, Inc.*, 219 So. 3d 185, 188 (Fla. 3d DCA 2017) (citing *Klonis for Use & Benefit of Consol. Am. Ins. Co. v. Armstrong*, 436 So. 2d 213, 216 (Fla. 1st DCA 1983)); *see also Wachovia Ins. Services, Inc. v. Toomey*, 994 So. 2d 980, 990 n.4 (Fla. 2008) (noting that "negligent failure to procure requested insurance coverage is a valid claim in Florida"). "To establish a cause of action for [negligent procurement of insurance] under Florida law, a party must plead the following elements: existence of a legal duty of the defending party to protect the party seeking relief under the circumstances;

4

negligent failure by the defending party to comply with the duty; injury to the party seeking relief as a result; and damages." *Southtrust Bank & Right Equip. Co. of Pinellas Cnty., Inc. v. Exp. Ins. Services, Inc.*, 190 F. Supp. 2d 1304, 1309 (M.D. Fla. 2002).

First, the Court finds that Plaintiff has properly alleged the existence of a duty running from Fortun to Plaintiff in procuring the insurance coverage for the Vessel. "Insurance brokers and agents have a duty 'to use reasonable skill and diligence' when procuring insurance coverage requested by insureds." *Kendall S. Med. Ctr., Inc.,* 219 So. 3d at 188. Further, "[r]eliance by the insured on the insurance agent's undertaking . . . is sufficient to trigger a duty upon the agent to exercise the reasonable skill and care to obtain the appropriate coverage." *Great Lakes Reinsurance (UK) PLC v. Glass Design of Miami, Inc.*, No. 09-21815-CIV, 2011 WL 2669629, at *3 (S.D. Fla. July 7, 2011) (citing *Klonis,* 436 So.2d at 217). Here, Plaintiff alleges that Fortun undertook a duty "to properly complete the insurance application," which Plaintiff "relied upon." [ECF No. 58 ¶¶ 154, 158].  These allegations are sufficient to establish the existence of a duty at this stage.

Second, Plaintiff has sufficiently alleged that Fortun breached its duty. Specifically, Plaintiff alleges that Fortun "undertook a duty to properly complete the insurance application," including "to provide the carrier with information as to the actual purchase price of the Vessel," and that Plaintiff "relied on Fortun's expertise and trusted that the insurance application was completed accurately on Plaintiff's behalf." [*Id.* ¶¶ 147, 153-154]. Plaintiff further alleges that Fortun breached that duty, as evidenced by the insurer's denial of coverage for the Vessel due to "Fortun's negligence and mistakes in improperly completing the application." [*Id.* ¶ 156]. Accordingly, these allegations are sufficient to plausibly allege that Fortun breached its duty to Plaintiff. *See Great Lakes Reinsurance (UK) PLC*, 2011 WL 2669629, at *2 (allowing negligent

procurement of insurance claim to proceed where plaintiff alleged that defendant insurance broker breached its duty "to ensure the documentation which it submitted to [insurer] was acceptable to [insurer] and would not be used to deny coverage.").

Lastly, Plaintiff has adequately pled facts supporting an injury and damages resulting from Fortun's alleged breach of duty. Plaintiff alleges that "[a]s a result of Fortun's negligence and failure to obtain the necessary information and Fortun's negligence to procure the proper insurance coverage, Plaintiff suffered losses, damages and injuries when coverage [for the Vessel] was denied," and that Plaintiff "has been damaged in the amount of $1,575,000.00." [*Id.* ¶ 158]. Accordingly, Plaintiff has sufficiently alleged injury and damages arising from Fortun's alleged failure to fulfill its duty to procure insurance coverage for the Vessel.

Fortun also argues that Count IV should be dismissed on the ground that Plaintiff executed the insurance application and renewal questionnaire, and Plaintiff therefore is "bound" by any inaccuracies in those materials, such that Plaintiff cannot "shift" responsibility to Fortun. [ECF No. 65 at 7]. In support, Fortun asks the Court to consider the Vessel's insurance application materials filed in a related action, invoking judicial notice and the incorporation by reference doctrine.[4] [ECF No. 31 at 3; ECF No. 65].

Even assuming the Court may consider Plaintiff's application materials, Fortun's argument that Plaintiff signed the insurance application containing the inaccurate purchase price of the vessel does not warrant dismissal of Count IV at this stage. Courts have rejected the proposition that a broker's alleged negligence is "overcome" simply because the insured failed to read or catch

---

[4]At the motion to dismiss stage, the Court may consider documents outside the complaint where the documents are central to the claim and their authenticity is not disputed, *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005), and may take judicial notice of public records for their existence, but not for the truth of disputed factual assertions. *Bryant v. Avado Brands*, Inc., 187 F.3d 1271, 1278–80 (11th Cir. 1999).

inaccuracies in their insurance documentation. *See Southtrust Bank & Right, Inc.*, 190 F. Supp. 2d at 1310–11 (denying motion to dismiss where an agent's negligent failure "is not overcome by the insured's failure to read the underlying documentation"); *Great Lakes Reinsurance (UK) PLC*, 2011 WL 2669629, at *3 (declining to consider insured's "failure to investigate" and "complicity" where the insured alleged reliance on the broker to submit paperwork "timely and accurately," as such arguments by defendant "will not be addressed … on a motion to dismiss").

Accordingly, taking all of Plaintiff's allegations as true, the Court finds that Plaintiff plausibly states a claim for negligent procurement against Fortun based on Fortun's duty as an insurance broker to procure insurance for the Vessel, Plaintiff's reliance on that duty, and Fortun's breach of its duty by failing to obtain the correct information and by inaccurately completing the insurance application, which proximately caused the denial of coverage and resulting damages.

## B.  The Doctrine of *Uberrimae Fidei* is not Applicable.

Fortun separately argues that Count IV fails as a matter of law under the marine insurance doctrine of *uberrimae fidei*, which generally requires the insured to disclose all material facts to the insurer and may permit rescission or avoidance of coverage for material misrepresentations or nondisclosures. *See HIH Marine Servs., Inc. v. Fraser*, 211 F.3d 1359, 1362 (11th Cir. 2000). Fortun relies on *Certain Underwriters at Lloyd's, London v. Giroire*, a rescission action between an insured and insurer, in which the court explained that an insured cannot avoid rescission by "passing this responsibility on to his agent." 27 F. Supp. 2d 1306, 1313 (S.D. Fla. 1998).  However, Fortun's reliance on *Giroire* does not support dismissal of Plaintiff's negligent procurement claim. *Giroire* addresses the insured's disclosure obligations and the insurer's right to deny coverage based on an insured's failure to properly disclose. *Id.* It does not purport to resolve, much less

foreclose, a separate claim by an insured against their broker for negligent procurement of insurance in connection with the erroneous preparation of an insurance application.

Further, courts applying the doctrine of *uberrimae fidei* in marine insurance disputes have recognized that an insurer may successfully deny coverage, while the insured may pursue separate remedies against the broker whose negligence caused the denial. *See*, *e.g.*, *Great Lakes Reinsurance (UK) PLC v. Morales*, 760 F. Supp. 2d 1315, 1326 (S.D. Fla. 2010) (illustrating that rescission did not bar insured's potential negligence claim against broker, which was dismissed without prejudice as premature, while still recognizing insurer's right to rescind under *uberrimae fidei*); *see generally Royal Ins. Co. of Am. v. Cathy Daniels, Ltd.*, 684 F. Supp. 786, 790–91 (S.D.N.Y. 1988) (allowing insured's third-party negligence claim against its broker to proceed for failure to communicate prior loss information but still holding that insurer properly rescinded marine insurance policy based on such nondisclosure). Accordingly, the doctrine of *uberrimae fidei* does not bar Plaintiff's negligent procurement claim against Fortun.

### IV. RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that Fortun's Motion to Dismiss Count IV of Plaintiff's Second Amended Complaint be **DENIED**.

### V. OBJECTIONS

Within **seven (7) days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1). Any response shall be filed within **seven (7) days** of the objections. The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. §

8

636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

 **RESPECTFULLY SUBMITTED** in Chambers in Fort Lauderdale, Florida, on this 23rd day of February 2026.

              _____

              **DETRA SHAW-WILDER**
              **UNITED STATES MAGISTRATE JUDGE**

cc: Counsel of Record